IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:10CV1-RLV

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., ) <br> SUNTRUST BANKS, INC., ) <br> NATIONWIDE TRUSTEE SERVICES, ) <br>     Plaintiffs / Counter-Defendants, ) <br> ) <br> v. ) <br> ) <br> JENNIFER BEAMAN PIPPIN, and ) <br> WESLEY HAROLD STEARNS, ) <br>     Defendant / Counter-Claimants. ) <br> ) | Memorandum and Order |

**THIS MATTER** is before the Court upon motion of the Plaintiffs / Counter-Defendants SunTrust Mortgage, Inc., and SunTrust Banks, Inc., (collectively "SunTrust"), to remand this matter to state court pursuant to 28 U.S.C. §§ 1447(c), 1446(b), and 1331.[1] (Doc. 6)

In addition, both SunTrust and Plaintiff / Counter-Defendant Nationwide Trustee Services ("Nationwide") have filed Motions to Dismiss for Lack of Jurisdiction and for Failure to State a Claim pursuant to FED. R. CIV.P. 12(b)(1) and (b)(6) with respect to Counterclaims brought by Defendants / Counter-Claimants Jennifer Beaman Pippin and Wesley Harold Stearns ("P & S"). (Docs. 10, 11) P & S, who have submitted a number of miscellaneous, nonsensical documents, have moved for Summary Judgment. (Doc. 12)

**I.**

This civil action arises from foreclosure proceedings brought against Jennifer Beaman Pippin and Wesley Harold Stearns in the North Carolina General Court of Justice, Catawba

---

[1] The case was inactive for a period of time but, arguably, should have been dismissed upon initial screening. 28 U.S.C. § 1915(e)(2). The Motion to Remand was not filed until April 2012.

County Superior Court, as to real property located at 7390 Gabriel Street, Sherrills Ford, North Carolina, 28673 (No.: 09 SP 771). (*See* Notice of Removal, Exh. A / Pls.' Motion to Dismiss, Exhs. A-C).

On November 3, 2006, P & S executed a Deed of Trust to secure a Promissory Note in the amount of $950,000.00 payable to the order of SunTrust Mortgage, Inc.[2] (Doc. 11-1 / Pls.' Exh. A) In July 2009, Nationwide was appointed a Substitute Trustee by SunTrust. (Doc. 11-1 / Pls.' Exhs. B, C)

Foreclosure was eventually sought pursuant to N.C. Gen. Stat. § 45-21.16, which governs the procedure for foreclosure by power of sale in North Carolina. P & S, acting *pro se*, protest the underlying foreclosure proceeding and ask this federal district court to restrain Plaintiffs' ability to foreclose upon the property pursuant to state law.[3] P & S assert "Counterclaims" alleging breach of contract, miscellaneous theories of fraud and / or misrepresentation, and violation of federal consumer protection statutes by SunTrust and Nationwide.

The case-opening document submitted in this federal court effectively seeks to "remove" the foreclosure proceedings from Catawba County Superior Court.[4] According to P & S, federal jurisdiction is derived from 28 U.S.C. §§ 1331, 1332, and 1441.[5] SunTrust and Nationwide

---

[2] Pippins and Stearns are identified as husband and wife on the Deed of Trust.

[3] The record does not indicate the status of the state foreclosure proceeding. However, given the passage of time, the Court presumes that foreclosure has been accomplished.

[4] Immediately below the case caption, Defendants explain their intent "to remove this Court Case Number 09SP771 . . . ." (Doc. 2, at 1)

[5] P & S do not allege any facts in support of diversity jurisdiction. In light of the Court's analysis, this omission is inconsequential.

assert that jurisdiction is lacking over the entire matter because the claims are presented in the context of a foreclosure special proceeding.[6]

## II.

"The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Title 28, United States Code, Section 1441(a) (the "removal statute"), provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court ***of which the district courts of the United States have original jurisdiction***, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (*emphasis added*). Thus, the removal statute requires that this federal district court have "original jurisdiction" over the matter. *Id.*

Courts must strictly construe removal jurisdiction and resolve all doubts in favor of remand. *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 297 (4th Cir. 2008) (applying "long-standing tradition of strictly construing removal jurisdiction" and principle that "doubts about jurisdiction are resolved in favor of remand to state court"); *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

---

[6] In the Motion to Remand, SunTrust points out that, as a Trustee, Nationwide "has a duty to ensure that the foreclosure is conducted in the proper forum and that foreclosure is handled by a Court of competent jurisdiction." (Pl.'s Motion to Remand, ¶ 6) Nationwide, however, "does not take any position as to any arguments regarding the five factors presented to the Court in the Special Proceeding file," (*i.e.*, the statutory criteria for foreclosure). (Id., ¶ 7)

**III.**

Removal is procedurally improper because the Notice of Removal is untimely. First, in order to be timely, a Notice of Removal must be filed within thirty days of the receipt by the removing party of the initial pleading, order or "other paper" from which the removing party may ascertain that the case is removable to federal court.[7] 28 U.S.C. §1446 (b)[8]; *Lovern v. General Motors Corp.,* 121 F.3d 160, 161-63 (4th Cir. 1997). This thirty day time limit is mandatory. *See Jennifer Belter Formichella, PLLC v. Fisher*, 2012 WL 2501110, * 2 (June 28, 2012 W.D.N.C.) (unpublished) (internal citation omitted).

Here, the first phase of the foreclosure action began with the filing of a Notice of Hearing on September 3, 2009. *Jennifer Belter Formichella, PLLC*, 2012 WL 2501110, * 2 ("Pursuant to North Carolina law, a foreclosure action is initiated by the filing of a notice of hearing rather than a complaint and summons.") (quoting *In re Naef*, 2010 WL 5058383, * 2 (E.D.N.C. 2010)). P & S were served with the Notice the next day, on September 4, 2009.[9] The Notice of Removal was not filed in this federal district court until January 4, 2010 – well beyond the allotted time

---

[7] P & S erroneously conclude that removal is timely by stating that the Notice of Removal was "submitted within 30 days before the action [was] commenced." (Notice of Removal, at 2, ¶ 8).

[8] 28 U.S.C. § 1446(b) provides in pertinent part:

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

[9] The foreclosure hearing was scheduled for November 10, 2009, but continued to January 5, 2010.

period and more than 60 days after P & S had notice of the foreclosure proceeding.[10] *See e.g.*, *In re Foreclosure of a Deed of Trust Executed by Prodev, XI, LLC by Eddie Hood, Manager, Present Record Owner(s) Braxton Village North*, No. 5:08CV569 (E.D.N..C. December 15, 2008); *Foreclosure by David A. Simpson, P.C.*, 2010 WL 1838181 (W.D.N.C. April 13, 2010). Because removal was untimely, SunTrust's Motion to Remand will be <u>allowed</u>.

As explained below, removal is also improper because the Court does not possess original jurisdiction over the state foreclosure proceeding. *See e.g., Jennifer Belter Formichella, PLLC*, 2012 WL 2501110, * 2 ("The propriety of removal is determined at the time the notice of removal is filed.") (internal citations omitted).

### IV.

**A. Federal Question, 28 U.S.C. § 1331**

The federal courts have subject matter jurisdiction over cases "arising under" the Constitution, statutes, or treatises of the federal government. 28 U.S.C. § 1331. In determining whether a cause of action "arises under" federal law, the Court looks to the plaintiff's "well-pleaded complaint." In other words, it must be clear from the face of the complaint either that 1) the plaintiff's cause of action was created by federal law; or 2) a federal law that creates a cause of action is an essential component of an otherwise state law based claim. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

Under the second avenue for establishing federal question jurisdiction, jurisdiction may exist over a state law claim if "the state law claim necessarily raise[s] a stated federal issue,

---

[10] The same day, January 4, 2010, P & S filed various documents in the foreclosure proceeding (*i.e.*, special proceeding) in state court, including a filing entitled, "Conditional Answer and Defense." (Doc. 2-1, ¶2).

actually disputed and substantial, which a federal forum may entertain without disturbing congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 806 (4th Cir.1996); *Merrell Dow Pharms, Inc. v. Thompson*, 478 U.S. 804 (1986) (The federal law in question must be "sufficiently central" to the claim in a well-plead complaint.)

Significantly, federal question jurisdiction is not created by the presence of a federal counterclaim or a federal defense. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) (jurisdiction cannot rest on actual, anticipated or compulsory counterclaim); *Holmes Group v. Vornado Air Circulation Sys.*, 535 U.S. 836 (2002); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir.), *cert. denied* 549 U.S. 1260 (2007)).

"The burden of persuasion for establishing ... [subject matter] jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 130 S. Ct. 1131, 1194 (2010) (*internal citations omitted*).

**B. State Foreclosure Proceedings Do Not Present A Justiciable Federal Question**

Defendants fail to satisfy their burden as to the existence of federal subject matter jurisdiction. *See Hertz*, 130 S.Ct. at 1194. Pointing to the Deed of Trust, Defendants declare their intent to ***"give notice that the action is to be governed by Federal law."***[11] (Doc. 2, ¶2 at 2) (emphasis added).

However, foreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction. *See e.g.*, *Jennifer Belter Formichella, PLLC*, 2012 WL 2501110, * 2

---

[11] Defendants also cite to "evidence" revealing the efforts undertaken by Stearns and Pippin to avoid foreclosure in the state proceedings. (Doc. 2-1)

(citing *City of Durham v. Wadsworth*, 2009 WL 186174 (M.D.N.C 2009) (remanding tax foreclosure action); and *McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, 2008 WL 4166328 (W.D.N.C 2008) (nothing in "simple foreclosure action of real property ... suggests the presence of a federal question")); *Trustee Services of Carolina, LLC v. Rivera*, 2012 WL 1645534, * 2 (May 2, 2012 W.D.N.C.) (same).

SunTrust represents that this matter is "limited to five state law issues which are enumerated [within] N.C. Gen. Stat. § 45-21.16." (Pls.' Mem. In Supp., 1-2). Indeed, a review of the state foreclosure scheme identifies the following criteria relevant to foreclosure:

> "(i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), and (v) that the underlying mortgage debt is not a subprime loan as defined in G.S. 45-101(4), or if the loan is a subprime loan under G.S. 45-101(4), that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed."

(Pl.'s Mot. Remand, at 1-2) (quoting N.C. Gen. Stat. § 45-21.16). The holder of the note is determined by applying the Uniform Commercial Code to the note to determine which entity has noteholder status at the time of the foreclosure. *In re Adams*, 693 S.E.2d 705, 709 (N.C.App. 2010). As SunTrust correctly points out, each of these issues is exclusively governed by state law. *See Mosler ex rel. Simon v. Druid Hills Land Co., Inc.*, 681 S.E.2d 456, 459 (N.C.App. 2009). Equally as important, each of these state law issues has already been judicially determined. *See* N.C. Gen. Stat. § 45-21.16 (d1) (clerk's acts in connection with requisite findings for foreclosure constitute a judicial act subject to appeal).

### C. This Action Is Also Barred By The *Rooker-Feldman* Doctrine

To the extent that P & S seek redress for the foreclosure order itself, the claim is barred by *Rooker-Feldman*. Under the *Rooker-Feldman* doctrine, federal courts lack subject matter

jurisdiction to sit in appellate review of judicial determinations made in state courts. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a).

The Court also lacks subject matter jurisdiction over any matter inextricably intertwined with the state foreclosure proceeding. The *Rooker-Feldman* bar "extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." *Brumby v. Deutsche Bank Nat'l Trust Co.,* No. 1:09CV144, 2010 WL 617368, at * 2 (M.D.N.C. Feb. 17, 2010) (citing *Plyler v. Moore,* 129 F.3d 728, 731 (4th Cir. 1997)). A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Id.* (quoting *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir. 1997); *see also Davani v. Virginia Dept. of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) ("if the state court loser seeks redress in the federal district court for the injury caused by the state court decision," the claim is inextricably intertwined) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 293 (2005)). The *Rooker-Feldman* doctrine is particularly relevant when there is a means of appeal provided by the state. *See Washington v. Wilmore*, 407 F.3d 274 (4th Cir. 2005) (finding *Rooker-Feldman* did not bar a claim, in part because there was no mechanism by which the plaintiff could obtain state court resolution).

A judicial determination has already been made in the state court special proceeding that foreclosure upon the property previously owned by P & S was, in fact, proper and consistent with applicable North Carolina law. Under the governing statute, P & S had the opportunity to appeal the foreclosure order.[12] N.C. GEN. STAT. § 45-21.16 (d1). The conclusory statements of P & S concerning alleged fraudulent conduct by the lender do not defeat the Motion for Remand. *See Dillard v. Bank of New York*, 11-1379, 2012 WL 1094833 (10th Cir. Apr. 3, 2012) (dismissing a claim of improper documents and deceptive representations in a foreclosure action under the *Rooker-Feldman* doctrine). Pursuant to *Rooker-Feldman*, this Court may not sit in appellate review of the state court's judgment as to foreclosure.

V.

The Court next considers whether P & S's initial filing may be construed as raising any cognizable claim independent of the challenge to foreclosure.[13] *See e.g., Wilson v. SunTrust Bank,* 2012 WL 3278821, * 1 (August 10, 2012 W.D.N.C.) (Whitney, J.) (discussing contours of *Rooker Feldman* and res judicata in foreclosure context) (citing *Kimble v. Greenpoint Mortg.*, 128 Fed. Appx. 984, 985 (4th Cir. 2005) (*Rooker-Feldman* "does not deprive a federal district court of subject matter jurisdiction over a suit involving issues similar to those raised in pending

---

[12] In a North Carolina special proceeding in forfeiture, either party has the right to appeal the Clerk of Superior Court's decision for *de novo* review before the Superior Court of North Carolina. N.C. Gen. Stat. §45-21.16(d1). "In the event of an appeal, either party may demand that the matter be heard at the next succeeding term of the court to which the appeal is taken which convenes 10 or more days after the hearing before the clerk, and such hearing shall take precedence over the trial of other cases...." N.C. Gen. Stat.§ 45-21.16(e). Additionally, either party to the foreclosure proceeding would also have the right to appeal the Superior Court's decision to the North Carolina Court of Appeals.

[13] As already stated, it is well established that counterclaims may not serve as the basis for federal question jurisdiction. *See Vaden*, 129 S. Ct. at 1272.

state court litigation.")). Notwithstanding a liberal construction, even if jurisdiction were found to exist, none of the alleged counterclaims survives the Rule 12(b)(6) motion. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972).

**A. Defendants' Counterclaims Are Subject To Dismissal For Failure To State A Claim For Which Relief May Be Granted**

P & S assert multiple "Counterclaims" under federal statutory consumer protection schemes. For example, P & S seek relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g), the Truth In Lending Act ("TILA"), 15 U.S.C. § 1635(e), and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Doc. 2, at 2). While the filings are less than articulate and, therefore, fall short of *Twombly / Iqbal*, the Court will briefly consider the allegations made by P & S.

**1. Fair Debt Collection Practices Act**

Defendants contend – in a single sentence – that this dispute is precipitated by a third party debt collector's claim that Defendants owe an "unverified debt" for purposes of 15 U.S.C. § 1692(g).[14] (Doc. 2, ¶3 at 2.) The Fair Debt Collection Practices Act was enacted:

> [T]o eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). In order to succeed on a FDCPA claim, P & S must allege: (1) that they

---

[14] A "debt collector" is defined by statute generally as having as its principal purpose the collection of debts *for another*. 15 U.S.C. § 1692a(6)(B); *Wilson*, 443 F.3d at 379 n. 2. Nonetheless, a "debt collector" may include "any creditor who, in the process of collecting his own debts, ***uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts***." 15 U.S.C. § 1692a(6) (emphasis added).

were the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) that SunTrust and / or Nationwide is a debt collector as defined by the FDCPA, and (3) that SunTrust and / or Nationwide engaged in an act or omission prohibited by the FDCPA. *See Boyter v. Bank of Am. Corp.*, 3:12CV189-RJC-DCK (Keesler, M.J.) (Memorandum & Recommendations, October 9, 2012) (citing *Davis v. Bowens*, 2012 WL 2999766 at *2 (M.D.N.C. July 23 2012) (quoting *Johnson v. BAC Home Loans Servicing, LP*, 2011 WL 4544013, at *6 (E.D.N.C. Sept. 29, 2011)).

In the Fourth Circuit, "a proceeding to foreclose on real property constitutes the collection of a "debt" under the FDCPA." *Rawlinson v. Law Office of William M. Rudow, LLC*, 460 Fed. Appx. 254, *2 (4th Cir. 2012) (unpublished) (citing *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir.2006)). Generally, P & S contend their requests for validation of the debt were not honored. Under 1692g, there are circumstances which trigger a debt collector's duty to validate the debt (or any portion of a debt) it seeks to collect, and / or to provide the debtor with contact information for the original creditor.[15] 15 U.S.C. § 1692g(4) and

---

[15] Section 1692g provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5). However, under the FDCPA, "creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Boyter*, 3:12CV189-RJC-DCK (quoting *Ruggia v. Washington Mut.*, 719 F.Supp.2d 642, 647-648 (E.D.Va. 2010) (internal citations omitted)); *Blick v. Wells Fargo Bank, N.A.*, 2012 WL 103 0137, *7 (W.D.Va. March 27, 2012) (servicer of a loan is not a "debt collector" under the FDCPA); *Warren v. Countrywide Home Loans, Inc.*, 342 Fed.Appx. 458 (11th Cir. 2009) ("several courts have held that an enforcer of a security interest, such as a mortgage company foreclosing on mortgages of real property falls outside the ambit of the FDCPA . . . ."). In this case, SunTrust, as owner and holder of the Promissory Note, had the ability to seek to collect on its own debt (Note) from P & S. It is not at all clear from P & S's allegations that SunTrust impermissibly used a third party to collect on its behalf.

As for Nationwide's potential status as a "debt collector," other district courts within the Fourth Circuit have applied the same rationale used with respect to creditors, mortgagors, and mortgage servicing companies to trustees. *See e.g., Blick*, 2012 WL 103 0137, *8 ("[T]rustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA.") (listing cases); *Bryant v. Wells Fargo Bank, Nat'l Assn.*, 2012 WL 928435, *3-5 (E.D.N.C. March 19, 2012) (rejecting debtors' Section 1692g claim against trustee under FDCPA). P & S fail to allege sufficient facts demonstrating that SunTrust and / or Nationwide satisfy the statutory definition of a "debt collector." 15 U.S.C. § 1692a(6)(A) - (F). For this

---

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g (emphasis provided).

reason, P & S's FDCPA counterclaim must be dismissed.

**2. Other Counterclaims**

P & S fail to allege sufficient facts in support of the remaining counterclaims. P & S cite "TILA Statutes Under 15 U.S.C. § 1635(e)" and "RESPA Violations under 12 U.S.C. [§] 2601 et seq." as the bases for counterclaims asserting violations of the Truth In Lending Act and the Real Estate Settlement Procedures Act. (Doc. 2, at 2). However, P & S allege *no facts whatsoever* in support of their federal statutory counterclaims. P & S fail to identify even one provision under TILA and RESPA that entitles them to relief.

In addition, except for a passing reference or mention of breach of contract, fraud, or misrepresentation, P & S do not allege any facts in support of counterclaims under state law or common law. Rather, a generously liberal consideration of all filings that conceivably fall within the "well-pleaded complaint" category reveals that the gist of P & S's legal position is that they deny the validity of the debt – the Promissory Note they executed in connection with the purchase of property – and any attendant responsibility.[16] In sum, P & S "deny being in debt to the alleged creditor / Plaintiff . . . ."[17] (Doc. 3 at 1, ¶ 3 / Third Defense) These claims are inextricably intertwined with the state foreclosure and barred as such.

---

[16] Because the Court is required to construe P & S's filings liberally, the Court has conducted a review of all of P & S's filings in order to ascertain whether subject matter jurisdiction is proper as to any individual claim asserted.

[17] Supplemental jurisdiction is alleged to exist on the same grounds in order "to resolve debt validation, contract breaches and other issues." *Id.* (Doc. 2, ¶2 at 2). Even if P & S alleged sufficient facts in support of cognizable actions under state law, in these circumstances, the undersigned, in its discretion, would decline to exercise supplemental jurisdiction.

Further, P & S do not distinguish between SunTrust or Nationwide in asserting any of their counterclaims, which, in and of itself, subjects the counterclaims to dismissal. *See, e.g., Bryant v. Wells Fargo Bank, Nat'l Assn.*, 2012 WL 928435, *12 (E.D.N.C. March 19, 2012) (notice requirements of Rule 8(a) are not met where defendants are referred to generally without the ability to ascertain what provision of the statute a given defendant allegedly violated).

In conclusion, P & S fail to state a plausible cause of action under any of their alleged counterclaims.

### 3. Equitable Relief / Federal Anti-Injunction Act

Finally, it appears that the request of P & S for an order imposing injunctive relief against SunTrust and Nationwide is also improper. North Carolina law already provides for equitable relief in the foreclosure proceeding. *See* N.C. Gen. Stat. § 45-21.34; *Mosler*, 681 S.E.2d at 458 ("The proper method for invoking equitable jurisdiction to enjoin a foreclosure sale is by bringing an action in the Superior Court pursuant to G.S. 45-21.34.") (internal citations omitted). Likewise, the request is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, which speaks to the ability of the United States to stay state court proceedings. The Anti-Injunction Act states:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

28 U.S.C. § 2283.

## VI. Order

For all of these reasons, SunTrust's Motion for Remand is hereby **GRANTED**. (Doc. 6) Accordingly, the Deputy Clerk shall forward a copy of the case file, including the instant Memorandum and Order, to the Clerk of Court, Catawba County Superior Court, North Carolina.

Alternatively, SunTrust's and Nationwide's Motions to Dismiss for Lack of Jurisdiction under Rule 12(b)(1) are **GRANTED**. (Doc. 10, 11) To the extent necessary, SunTrust's and Nationwide's Motions to Dismiss Counterclaims *with prejudice* under Rule 12(b)(6) are likewise **GRANTED**. The Motion for Summary Judgment filed by Pippin and Stearns is **DENIED as moot**. (Doc. 12)

Signed: October 16, 2012

Richard L. Voorhees
United States District Judge